**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

  v.

JORGE ARMANDO GONZALEZ,

         Defendant - Appellant.

No. 10-10373

D.C. No. 2:05-cr-00383-WBS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Jorge Armando Gonzalez appeals from the 188-month sentence imposed

following his guilty-plea conviction for conspiracy to distribute and to possess

with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez contends that the district court procedurally erred by presuming the Sentencing Guidelines range was reasonable, by requiring compelling or unusual circumstances for a variance, by basing its sentence on clearly erroneous facts, and by failing to consider the 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the court treated the Guidelines as advisory and specifically addressed each of Gonzalez's mitigating arguments, but found the circumstances insufficient to support a downward variance. Further, Gonzalez fails to show that the court's sentence was based on clearly erroneous facts, or that the court failed adequately to consider the section 3553(a) factors. The district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Gonzalez also contends that the sentence is substantively unreasonable. The sentence at the bottom of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

10-10373